UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17cv00127-RLV
(5:97-cr-00001-RLV-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's pro se "Motion for Reconsideration of Judgment Entered Denying Motion to Vacate Judgment for Voidness." (Doc. No. 4.) The Court shall consider the Motion under Rule 59(e) of the Federal Rules of Civil Procedure.[1]

## I. RELEVANT BACKGROUND

Petitioner was convicted in this Court of one count of conspiracy to possess with intent to distribute cocaine and one count of aiding and abetting the possession with intent to distribute cocaine. He was sentenced to a term of 360-months' imprisonment and is presently serving that sentence. Judgment was entered on April 1, 1998, see J., United States v. Dudley, 5:97-cr-00001-RLV-1 (W.D.N.C.), Doc. No. 67, and affirmed on appeal, United States v. Dudley, 165 F.3d 20, 1998 WL 756911 (4th Cir. 1998) (unpublished Table decision).

On September 27, 1999, Petitioner filed a § 2255 motion to vacate which the Court denied on the merits. See Mar. 27, 2002 Order, Dudley v. United States, 5:99-cv-00152-RLV

---

[1] Petitioner's Motion is considered under Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of entry of judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

1

(W.D.N.C.), Doc. No. 24. Petitioner's appeal was dismissed by the Fourth Circuit Court of Appeals. Dudley v. United States, 46 F. App'x 188 (4th Cir. 2002) (unpublished). Since then, Petitioner has filed numerous § 2255 motions to vacate that this Court has dismissed as unauthorized, successive § 2255 motions pursuant to 28 U.S.C. § 2255(h). See 5:13-cv-00132-RLV; 5:13-cv-00161-RLV; 5:14-cv-00028-RLV; 5:14-cv-00043-RLV; 5:14-cv-00057-RLV; 5:14-cv-00073-RLV; 5:14-cv-00104-RLV; 5:14-cv-00180-RLV; 5:15-cv-00091-RLV.

On July 23, 2017, Petitioner filed another § 2255 attacking the validity of his 1998 judgment. (Doc. No. 1.) Petitioner contends that the district court did not have jurisdiction to accept his guilty plea and should have ordered a jury trial. (§ 2255 Mot. 2-3, Doc. No. 1.) On August 2, 2017, this Court dismissed the Motion without prejudice as an unauthorized, successive habeas motion under 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). (Doc. No. 2.) Petitioner filed the instant motion to reconsider on August 14, 2017. (Mot. to Reconsider 8, Doc. No. 4.)

## II. STANDARD OF REVIEW

A district court "has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708.

## III. DISCUSSION

Petitioner does not seek reconsideration to accommodate an intervening change in controlling law or to account for new evidence not available at trial. Instead, he seeks

reconsideration "to correct a clear error of law or to prevent manifest injustice." See id. Specifically, Petitioner contends the Court erred in concluding that it does not have jurisdiction to consider his unauthorized, successive motion to vacate. (Mot. to Reconsider 2) ("The District court operated under an erroneous presumption of applicable law and procedure thereby concluding that . . . it lacked subject matter jurisdiction over . . . petitioners original pleadings that, [when viewed through a more forgiving lens] is indistinguishable from challenges to the courts exercise of subject matter jurisdiction to enter [a] judgment."). According to Plaintiff, a district court has the inherent authority to determine, after the fact, whether it had subject matter jurisdiction to enter a criminal judgment. (Mot. to Reconsider 2) (citing United States v. Ruiz, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction.")) This argument represents a misunderstanding of the district court's jurisdiction over a collateral attack brought by way of a 28 U.S.C. § 2255 Motion to Vacate.

A district court's jurisdiction to consider claims raised in a § 2255 motion is defined by statute. For example, § 2255 provides in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, a district court's jurisdiction is limited under § 2255 to consideration of claims that fall within the parameters outlined above.

Furthermore, the Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). As has been explained to Petitioner numerous times, "[b]efore a second or successive application

3

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also § 2255(h). Accordingly, this Court lacks jurisdiction to entertain a successive § 2255 motion from Petitioner absent authorization from the United States Court of Appeals for the Fourth Circuit, regardless of the claims Petitioner raises in the motion. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner has provided no evidence that he obtained authorization from the Fourth Circuit to file a successive motion to vacate. Nor has he demonstrated that the Court made a clear error of law when it dismissed his Motion to Vacate as an unauthorized, successive motion. Consequently, he is unable to demonstrate entitlement to relief under Federal Rule of Civil Procedure 59(e).

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion for Reconsideration of Judgment Entered Denying Motion to Vacate Judgment for Voidness" (Doc. No. 4) is **DENIED**.

Signed: August 28, 2017

Richard L. Voorhees
United States District Judge